**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **AVALON ROBINSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S AND** | § | |
| **TIMOTHY JAMES WESNESKI,** | § | |
| | § | |
| **Defendants.** | § | |

---

**DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL**

---

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Texas Lloyd's in Cause No. 16-DCV-231954, pending in the 434th Judicial District Court of Fort Bend County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.
FACTUAL BACKGROUND**

1.1     On or about April 28, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled *Avalon Robinson v. Allstate Texas Lloyd's and Timothy James Wesneski,* Cause No. 16-DCV-231954, pending in the 434th Judicial District Court of Fort Bend County, Texas, in which Plaintiff made a claim for damages to her home under a homeowner's insurance policy with Allstate Texas Lloyd's.

**NOTICE OF REMOVAL - PAGE 1**

1.2     Plaintiff served Defendant Allstate Texas Lloyd's ("Allstate") with Plaintiff's Original Petition and process on May 5, 2016, by certified mail through its registered agent, CT Corporation System.

1.3     Plaintiff has not yet served Defendant Timothy James Wesneski ("Wesneski") with Plaintiff's Original Petition.

1.4     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.   A copy of the Fort Bend County District Clerk's file for this case is attached as Exhibit "B" which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet.   Attached hereto as Exhibit "C" is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiff's Original Petition.   *See* 28 U.S.C. §1446(b).   This Notice of Removal is being filed within one year of the commencement of this action.   *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP AND THE COURT SHOULD DISREGARD THE CITIZENSHIP OF DEFENDANT WESNESKI BECAUSE HE HAS BEEN IMPROPERLY JOINED IN THIS LAWSUIT.**

2.3     Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Fort Bend County in the State of Texas and thus, is a citizen of Texas.   *See* Plaintiff's Original Petition, ¶ 2.   On information and belief, Plaintiff intends to continue residing in Texas and is thus domiciled in Texas.   *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571

(5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Texas Lloyd's was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]  The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows:  1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois.  Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey.  Allstate Texas Lloyd's is not a citizen of the State of Texas.

2.5      Defendant Wesneski, although not a proper party to this lawsuit, is, and was at the time the lawsuit was filed, a citizen of the State of Texas.  *See* Plaintiff's Original Petition, ¶ 4.

### B.     DEFENDANT ADJUSTER, TIMOTHY JAMES WESNESKI, HAS BEEN IMPROPERLY AND/OR FRAUDULENTLY JOINED IN THIS LAWSUIT.

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[2] "Fifth Circuit jurisprudence is equally clear."  *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

2.6    With respect to the claims against adjuster Defendant Wesneski, it is Defendant Allstate's position that he has been fraudulently and/or improperly joined in this action and is therefore are not a proper party to this lawsuit.  Therefore, the Texas citizenship of Defendant Wesneski should be disregarded for the purposes of evaluating diversity in this matter.

2.7    The doctrine of fraudulent joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).   Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802, *1 (S.D. Tex. Mar. 25, 2010).

2.8    The test for improper joinder is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).  The court may conduct the test using a Rule 12(b)(6) type analysis of the complaint to determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  *See id*.  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and improper joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.9    Here, Plaintiff fails to offer any specific facts in support of her claims against the adjuster Defendant Wesneski and therefore fails to make the required "factual fit between [their]

allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). *See* Plaintiff's Original Petition, ¶ 14-15. Further, Plaintiff's conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply.[3] Plaintiff's Original Petition actually alleges nothing more than Defendants violated Chapter 541 of the Insurance Code.

2.10    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of the adjuster Defendant Wesneski constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v.*

---

[3] Compare ¶ 51-54 of Plaintiff's Original Petition with Tᴇx. Iɴs. Cᴏᴅᴇ. Aɴɴ §§ 541.060 (a)(1), (2)(A), (3), (4)(A)-(B), and (7). The latter reads:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
> (A) a claim with respect to which the insurer's liability has become reasonably clear;
> &ast;&ast;&ast;&ast;
> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
> (4) failing within a reasonable time to:
> (A) affirm or deny coverage of a claim to a policyholder; or
> (B) submit a reservation of rights to a policyholder;
> &ast;&ast;&ast;&ast;
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

*Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).  Based upon the foregoing, adjuster Defendant Wesneski has been improperly and/or fraudulently joined in this action to defeat diversity jurisdiction.

### C.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.11    In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."   *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the

presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.12    This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendants are liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiff's claim.

2.13    Plaintiff has specifically pled that she is seeking monetary relief over $100,000, but not more than $200,000. *See* Plaintiff's Original Petition, ¶ 69. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Allstate was served with Plaintiff's Original Petition and process on May 5, 2016. This notice of removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Defendant Wesneski has not been served and therefore, his consent to removal is not required. Additionally, he has been fraudulently joined solely to defeat diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

3.3    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.4    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.5    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.6    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Fort Bend County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Texas Lloyd's hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Eric K. Bowers*

Eric K. Bowers
State Bar No.  24045538
Attorney-in-charge
Southern District No. 658370
ebowers@thompsoncoe.com

Roger D. Higgins
State Bar No.  09601500, IL 6182756
Southern District No. 33282
Of Counsel
rhiggins@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:        (214) 871-8200
Fax:              (214) 871-8209

ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on June 3, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

Chad T. Wilson
Stephen Mengis
The Chad T. Wilson Law Firm
1322 Space Park Drive, Suite A155
Houston, TX 77058

*/s/ Eric K. Bowers*
Eric K. Bowers