Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back      Location : Fort Bend   Images Help

## REGISTER OF ACTIONS
### CASE NO. 16-DCV-231954

| | |
|---|---|
| Avalon Robinson vs Allstate Texas Lloyd's and Timothy James Wesneski § <br> § <br> § <br> § <br> § | Case Type: **Other Civil** <br> Date Filed: **04/28/2016** <br> Location: **434th District Court** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant or Respondent** | **Allstate Texas Lloyd's** <br> Dallas, TX 75201-3136 | **Roger D. Higgins** <br> *Retained* <br> 214-871-8256(W) |
| **Defendant or Respondent** | **Wesneski, Timothy James** <br> Houston, TX 77055 | |
| **Plaintiff or Petitioner** | **Robinson, Avalon** <br> Houston, TX 77083 | **Chad T Wilson** <br> *Retained* <br> 832-415-1432(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 04/28/2016 | Docket Sheet <br> *Docket Sheet* | | | |
| 04/28/2016 | Petition     Doc ID# 1 <br> *Plaintiff's Original Petition, Jury Demand, and Request for Disclosure* | | | |
| 04/28/2016 | Case Information Sheet <br> *Civil Case Information Sheet* | | | |
| 04/28/2016 | Letters <br> *Cover Letter* | | | |
| 05/02/2016 | Issuance     Doc ID# 2 <br> *Citation by C/M Issued to Allstate Texas Lloyd's* | | | |
| 05/02/2016 | Citation by Certified Mail <br> *CMRRR 9414 7266 9904 2953 8557 01* | | | |
| | Allstate Texas Lloyd's | Served <br> Returned | 05/05/2016 <br> 05/09/2016 | |
| 05/02/2016 | Issuance     Doc ID# 3 <br> *Citation by C/M Issued to Timothy James Wesneski* | | | |
| 05/02/2016 | Citation by Certified Mail <br> *CMRRR 9414 7266 9904 2953 8557 18* | | | |
| | Wesneski, Timothy James | Unserved | | |
| 05/27/2016 | Answer/Contest/Response/Waiver     Doc ID# 4 <br> *Defendant Allstate Texas Lloyd's Original Answer* | | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** Allstate Texas Lloyd's <br> Total Financial Assessment <br> Total Payments and Credits <br> **Balance Due as of 05/31/2016** | | | 2.00 <br> 2.00 <br> **0.00** |
| 05/31/2016 | Transaction Assessment | | | 2.00 |
| 05/31/2016 | E-filing | Receipt # 2016-31408-DCLK | Allstate Texas Lloyd's | (2.00) |

| | | | | |
|---|---|---|---|---|
| | **Plaintiff or Petitioner** Robinson, Avalon <br> Total Financial Assessment <br> Total Payments and Credits <br> **Balance Due as of 05/31/2016** | | | 539.00 <br> 539.00 <br> **0.00** |
| 04/28/2016 | Transaction Assessment | | | 539.00 |
| 04/28/2016 | E-filing | Receipt # 2016-24681-DCLK | Robinson, Avalon | (539.00) |

**EXHIBIT**
B

16 – DCV – 231954
DOSH
Docket Sheet
4148653

**DOCKET**

CAUSE NO.  16-DCV-231954

| COURT NO. | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| **434TH JUDICIAL DISTRICT COURT** | AVALON ROBINSON  VS  ALLSTATE TEXAS LLOYD'S AND TIMOTHY JAMES WESNESKI | CHAD T WILSON | Other Civil | MONTH | DAY | YEAR |
| STENOGRAPHER USED? | | CHAD T WILSON LAW FIRM PLLC 1322 SPACE PARK DRIVE STE A155 HOUSTON TX  77058 | | 04/28/2016 | | |
| YES | NO | | | | | |
| | | 832-415-1432 | | JURY FEE: $40.00 04/28/2016 | | |
| | | | | PAID BY: Pltf Atty – Chad T.  Wilson | | |

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CAUSE NO.  16-DCV-231954
AVALON ROBINSON  VS  ALLSTATE TEXAS LLOYD'S AND TIMOTHY JAMES WESNESKI

| DATE OF ORDERS | | | |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |



Filed
4/28/2016 3:24:04 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Debra Elizondo

CAUSE NO. ___16-DCV-231954___

| | | |
|---|---|---|
| AVALON ROBINSON, | § | IN THE DISTRICT COURT |
|     **Plaintiff,** | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | Fort Bend County - 434th Judicial District Court |
| and TIMOTHY JAMES WESNESKI, | § | |
|     **Defendants,** | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Avalon Robinson, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Texas Lloyd's ("Allstate") and Timothy James Wesneski ("Wesneski") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.     Plaintiff, Avalon Robinson, resides in Fort Bend County, Texas.

3.     Defendant, Allstate Texas Lloyd's, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate, through its registered agent for service, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136**. Plaintiff requests service at this time.

4.     Defendant, Timothy James Wesneski, is an adjuster who resides in Houston, Texas.

Plaintiff requests service of citation upon Timothy James Wesneski at the address listed with the Texas Department of Insurance: **1401 Cedarbrook Drive, Houston, Texas 77055**. Plaintiff requests service at this time.

## JURISDICTION

5.   The Court has jurisdiction over Allstate Texas Lloyd's because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

6.   The Court has jurisdiction over Timothy James Wesneski because this Defendant engaged in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

7.   Venue is proper in Fort Bend County, Texas, because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiff owns an Allstate Texas Lloyd's homeowner's insurance policy, number 936735227 ("the Policy"), which was issued by Allstate. At all relevant times, Plaintiff

2

owned the insured premises located at 16019 Soma Drive, Houston, Texas 77083 ("the Property").

10.     Allstate or its agent sold the Policy, insuring the Property, to Plaintiff. Allstate represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home.

11.     On or about November 25, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Fort Bend County, Texas, area.

12.     In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0392661724 to Plaintiff's claim.

13.     Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14.     Allstate hired or assigned its agents, namely Wesneski, to inspect and adjust the claim. Wesneski conducted an inspection on or about December 11, 2015, according to the information contained in his estimate. Wesneski's findings generated an estimate of damages totaling $484.93. After application of depreciation and deductible of $1,380.00 Plaintiff was left without recovery to make repairs on her Property.

15.     Allstate, through its agent, Wesneski, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16.     Allstate has ultimately refused full coverage which includes, but is not limited to, replacement of the roof, exterior damage, and interior damage. Specifically, Wesneski found that only the roof's pipe jack flashing was damaged. The public adjuster hired to

3

review the damage to the Property found $7,868.50 of damage to 28 squares of Plaintiff's roof. In addition, the public adjuster found damage to the asphalt starter, ridge cap, ridge vent, drip edge, valley metal, chimney flashing, step flashing and furnace vent that were completely absent from Wesneski's estimate. Also absent from Wesneski's estimate was interior damage to the garage, kitchen, and family room. Wesneski indicated that the garage door need only a fresh coat of paint, while the public adjuster indicated that the dry wall needed to be replaced and painted, as well as the attic entrance cover. Both the kitchen and the living room need the drywall and insulation replaced.

17. The damage to Plaintiff's Property is currently estimated at $25,818.77.

18. As stated above, Allstate improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Allstate misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

19. Allstate made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Allstate made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Wesneski.

20. Plaintiff relied on Allstate's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

21.     Upon receipt of the inspection and estimate reports from Wesneski, Allstate failed to assess the claim thoroughly.   Based upon Allstate's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiff suffered damages.

22.     Because Allstate failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property.

23.     Furthermore, Allstate failed to perform its contractual duties to Plaintiff under the terms of the Policy.   Specifically, Allstate refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

24.     Allstate's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

25.     Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (1).  Allstate has failed to settle Plaintiff's claim in a fair manner, although Allstate was aware of their liability to Plaintiff under the Policy. Specifically, Allstate has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

26.     Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement

Practices. TEX. INS. CODE §541.060(a) (2) (A). Defendant failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

27.    Additionally, after Allstate received statutory demand on or about February 26, 2016, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

28.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Allstate refused to provide full coverage to Plaintiff under the Policy due to Defendants' failure to conduct a reasonable investigation.

29.    Specifically, Allstate, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

30.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Allstate failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

31.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Allstate has delayed full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

32.    Allstate's wrongful acts and omissions forced Plaintiff to retain the professional services

6

of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE TEXAS LLOYD'S

### BREACH OF CONTRACT

33.   Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

34.   Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35.   Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36.   Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

37.   Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

38.  Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.  Allstate's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

40.  Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

41.  Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

42.  Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

43.  Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

8

## DTPA VIOLATIONS

44.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods
        and services provided by Allstate pursuant to the DTPA. Plaintiff has met all conditions
        precedent to bring this cause of action against Allstate. Specifically, Allstate's violations
        of the DTPA include, without limitation, the following matters:

        A.     By its acts, omissions, failures, and conduct, Allstate has violated sections
               17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations
               include, (1) unreasonable delays in the investigation, adjustment, and resolution of
               Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure
               to pay for the proper repair of Plaintiff's property when liability has become
               reasonably clear, which gives Plaintiff the right to recover under section
               17.46(b)(2).

        B.     Allstate represented to Plaintiff that the Policy and Allstate's adjusting agent and
               investigative services had characteristics or benefits they did not possess, which
               gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

        C.     Allstate represented to Plaintiff that Allstate's Policy and adjusting services were
               of a particular standard, quality, or grade when they were of another, in violation
               of section 17.46(b)(7) of the DTPA.

        D.     Allstate advertised the Policy and adjusting services with the intent not to sell them
               as advertised, in violation of section 17.46(b)(9) of the DTPA.

9

E.     Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.     Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.     Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

45.     Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages. All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

46.     Allstate is liable to Plaintiff for common law fraud.

47.     Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as she did, and Allstate knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

48.     Allstate made these statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

10

## CAUSES OF ACTION AGAINST DEFENDANT TIMOTHY JAMES WESNESKI

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

49.     Wesneski's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

50.     Wesneski is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Wesneski is a "person" as defined by TEX. INS. CODE §541.002(2).

51.     Wesneski's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

52.     Wesneski's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a) (3).

53.     Wesneski knowingly underestimated the amount of damage to the Property.  As such, Wesneski failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

54.     Furthermore, Wesneski did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

11

## DTPA VIOLATIONS

55.   Wesneski's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods

and services provided by Wesneski pursuant to the DTPA. Plaintiff has met all conditions

precedent to bring this cause of action against Wesneski. Specifically, Wesneski's

violations of the DTPA include the following matters:

A.   By his acts, omissions, failures, and conduct, Wesneski has violated sections

17.46(b) (2), (5), and (7) of the DTPA. Wesneski's violations include, (1) failure

to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate

reflecting the proper repair of Plaintiff's Property when liability has become

reasonably clear, which gives Plaintiff the right to recover under section

17.46(b)(2).

B.   Wesneski represented to Plaintiff that the Policy and his adjusting and

investigative services had characteristics or benefits they did not possess, which

gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Wesneski represented to Plaintiff that the Policy and his adjusting services were of

a particular standard, quality, or grade when they were of another, in violation of

section 17.46(b) (7) of the DTPA.

D.   Wesneski's actions are unconscionable in that Wesneski took advantage of

Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

Wesneski's unconscionable conduct gives Plaintiff a right to relief under section

17.50(a)(3) of the DTPA; and

12

E.    Wesneski's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

56.    Each of Wesneski's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Wesneski, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

### KNOWLEDGE

57.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

### WAIVER AND ESTOPPEL

58.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

59.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

60.    Plaintiff currently estimates that actual damages to the Property under the Policy are $25,818.77.

13

61.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

62.    For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claims, consequential damages, together with attorney's fees.

63.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

64.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

65.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

66.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with

14

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

67. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

68. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

69. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually

awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

70.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

71.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Allstate Texas Lloyd's and Timothy James Wesneski, be cited and served to appear, and that upon trial hereof, Plaintiff, Avalon Robinson, recovers from Defendants, Allstate Texas Lloyd's and Timothy James Wesneski, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

16

CHAD T WILSON LAW FIRM PLLC

By: */s/ Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
cwilson@cwilsonlaw.com
Stephen Mengis
Bar No. 24094842
smengis@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

17

# CIVIL CASE INFORMATION SHEET

Filed
4/28/2016 3:24:04 PM
Fort Bend County - 434th Judicial District Court
District Clerk
Fort Bend County, Texas
Debbie Elliott

CAUSE NUMBER *(FOR CLERK USE ONLY)*: **16-DCV-231954**          COURT *(FOR CLERK USE ONLY)*: _____

STYLED _____ AVALON ROBINSON V. ALLSTATE TEXAS LLOYD'S AND TIMOTHY JAMES WESNESKI _____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| **Name:** Chad T. Wilson<br><br>**Address:** 1322 Space Park Drive, Suite A155<br><br>**City/State/Zip:** Houston, Texas 77058<br><br>**Signature:** *CW. W* | **Email:** cwilson@cwilsonlaw.com<br><br>**Telephone:** 832-415-1432<br><br>**Fax:** 281-940-2137<br><br>**State Bar No:** 24079583 | Plaintiff(s)/Petitioner(s): Avalon Robinson<br><br>Defendant(s)/Respondent(s): Allstate Texas Lloyd's Timothy James Wesneski<br>[Attach additional page as necessary to list all parties] | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____<br><br>Additional Parties in Child Support Case:<br><br>Custodial Parent: _____<br><br>Non-Custodial Parent: _____<br><br>Presumed Father: _____ |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/ Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | ☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus– Pre-indictment<br>☐Other: | ☐Enforce Foreign Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities of Minority<br>☐Other: | ☐Adoption/Adoption with Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental Rights<br>☐Other Parent-Child: |

| Employment | | Other Civil | |
|---|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Filed
4/28/2016 3:24:04 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Denise Elizondo

## CHAD T. WILSON LAW FIRM, PLLC

CHAD T. WILSON – Attorney at Law        **16-DCV-231954**        cwilson@cwilsonlaw.com

April 28, 2016

Ms. Rebecca Elliott
Fort Bend District Clerk's Office
1422 Eugene Heimann Circle, Suite 10148
Richmond, Texas 77469

Fort Bend County - 434th Judicial District Court

RE: Cause No.:_____; *Avalon Robinson v. Allstate Texas Lloyd's and Timothy James Wesneski, In the_____ District Court, Fort Bend County, Texas.*

Dear Ms. Elliot:

Please prepare a civil process citation for the following and have served by Certified Mail Return Receipt Requested through the court:

        1.  Allstate Texas Lloyd's
            c/o CT Corporation System
            1999 Bryan Street, Suite 900
            Dallas, Texas 75201-3136

        2.  Timothy James Wesneski
            1401 Cedarbrook Drive
            Houston, Texas 77055

I understand that there is a charge for this service and an additional charge to attach a copy of the Original Petition to the citation will be charged.  If any additional information is needed, feel free to contact this office.  Thank you for your cooperation and assistance.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587

**SERVICE FEE COLLECTED**
**BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:   **ALLSTATE TEXAS LLOYD'S**
      **C/O CT CORPORATION SYSTEM**
      **1999 BRYAN STREET SUITE 900**
      **DALLAS TX 75201-3136**

**NOTICE:**

        You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **APRIL 28, 2016,** a default judgment may be taken against you. Said answer may be filed by mailing to the District Clerk's Office at 301 Jackson Street, Richmond, Texas 77469, or by bringing said answer to the physical address at 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

        The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **APRIL 28, 2016**. It bears cause number **16-DCV-231954** and is styled:

**AVALON ROBINSON  VS  ALLSTATE TEXAS LLOYD'S AND TIMOTHY JAMES WESNESKI**

        The name and address of the attorney for **PLAINTIFF OR PETITIONER** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**1322 SPACE PARK DRIVE STE A155**
**HOUSTON TX 77058**
**832-415-1432**

        The nature of the demands of said **PLAINTIFF OR PETITIONER** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

        If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 2nd day of May, 2016.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _Erica Rodriguez_
    Deputy District Clerk ERICA RODRIGUEZ
    Telephone: (281) 633-7612

**SERVICE**

16-DCV-231954                                                                    434th Judicial District Court
Avalon Robinson  vs  Allstate Texas Lloyd's and Timothy James Wesneski

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _____ at _____ o'clock and executed _____
_____,on the _____, by delivering to the within named
_____ by registered or certified mail, with delivery - restricted to
addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of
the petition were attached thereto.

Fee......... **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2953 8557 01

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By:_____
            **Deputy District Clerk  Erica Rodriguez**

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
            (First, Middle, Last)

_____, and my address is _____
                                                                        (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the day of _____.

                                                            _____
                                                            **Declarant / Authorized Process Server**

(Id # & expiration of certification)                         _____

**ORIGINAL**



**Certified Mail Provides:**
- A mailing receipt
- A unique identifier for your mailpiece
- A signature upon delivery
- A record of delivery kept by the Postal Service™ for two years

*Important Reminders:*
- Certified Mail may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail is not available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail® receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.

PS Form 3800, February 2014 (Reverse)



2. Article Number

9414 7266 9904 2953 8557 01

3. Service Type **CERTIFIED MAIL®**

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

ALLSTATE TEXAS LLOYD'S
C/O CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery

MAY 0 5 2016

C. Signature

X    Chris Wells

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

FILED 2016 MAY -9 PM 2:30
Duane Giselle
CLERK DISTRICT COURT
FORT BEND CO.
Silvia Guevara

PS Form 3811, February 2014

Domestic Return Receipt

DC    16-DCV-231954 CIT    434TH



UNITED STATES POSTAL SERVICE®

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

● Print your name, address and ZIP+4® below ●

ANNIE REBECCA ELLIOTT
FORT BEND COUNTY DISTRICT CLERK
301 JACKSON
RICHMOND TX  77469-3108

**SERVICE FEE COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO: TIMOTHY JAMES WESNESKI
1401 CEDARBROOK DRIVE
HOUSTON TX 77055

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** filed on **APRIL 28, 2016,** a default judgment may be taken against you. Said answer may be filed by mailing to the District Clerk's Office at 301 Jackson Street, Richmond, Texas 77469, or by bringing said answer to the physical address at 1422 Eugene Heimann Circle, Richmond, Texas 77469. We are located on the first floor of the Courthouse building.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **APRIL 28, 2016**. It bears cause number **16-DCV-231954** and is styled:

**AVALON ROBINSON VS ALLSTATE TEXAS LLOYD'S AND TIMOTHY JAMES WESNESKI**

The name and address of the attorney for **PLAINTIFF OR PETITIONER** is:

**CHAD T WILSON
CHAD T WILSON LAW FIRM PLLC
1322 SPACE PARK DRIVE STE A155
HOUSTON TX 77058
832-415-1432**

The nature of the demands of said **PLAINTIFF OR PETITIONER** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 2nd day of May, 2016.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _Erica Rodriguez_
Deputy District Clerk ERICA RODRIGUEZ
Telephone: (281) 633-7612

16-DCV-231954
ISSU
Issuance
4152096

**ORIGINAL**

16-DCV-231954
Avalon Robinson  vs  Allstate Texas Lloyd's and Timothy James Wesneski

434th Judicial District Court

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **28th day of April, 2016** at **3:24 P.M.** o'clock and executed at  **1401
CEDARBROOK DRIVE  HOUSTON TX  77055**, on the **May 02, 2016**, by delivering to the within named
**TIMOTHY JAMES WESNESKI** by registered or certified mail, with delivery - restricted to addressee only,
return receipt requested, a true copy of this citation together with the accompanying copy of the petition were
attached thereto.

Fee......... **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2953 8557 18

**FILED**

MAY 02 2016
AT _____ 3:09 P.M.
_____
Clerk District Court, Fort Bend Co., TX

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas
By: _Erica Rodriguez_
     Deputy District Clerk  Erica Rodriguez

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

*My name is _____, my date of birth is
                        (First, Middle, Last)
_____, and my address is _____
                                                                              (Street, City, Zip)

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the day of _____.

                                                        _____
                                                        Declarant / Authorized Process Server

(Id # & expiration of certification)                    _____

### ORIGINAL

Citation (By Certified Mail) issued to Timothy James Wesneski on 5/2/2016.





## Certified Mail® Provides:

- A mailing receipt
- A unique identifier for your mailpiece
- A signature upon delivery
- A record of delivery kept by the Postal Service™ for two years

**Important Reminders:**

- Certified Mail® may ONLY be combined with First-Class Mail® or Priority Mail®.
- Certified Mail® is not available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please request this service at the time of mailing and pay the applicable postage fee. Endorse mailpiece "Return Receipt Requested". To receive a duplicate return receipt, a USPS® postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail® receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making an inquiry.**

PS Form 3800, February 2014 (Reverse)

Filed
5/27/2016 3:27:02 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Nereyda Flores

CAUSE NO. 16-DCV-231954

| | | |
|---|---|---|
| AVALON ROBINSON | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S and | § | |
| TIMOTHY JAMES WESNESKI | § | |
| | § | |
| Defendants. | § | 434TH JUDICIAL DISTRICT COURT |

## DEFENDANT ALLSTATE TEXAS LLOYD'S
## ORIGINAL ANSWER

COMES NOW, ALLSTATE TEXAS LLOYD'S ("Defendant"), and files this Original Answer and would respectfully show the following:

### I.
### ORIGINAL ANSWER

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

Defendant ALLSTATE TEXAS LLOYD'S pray that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, and that Defendant recovers its court costs and other such further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

  /s/ Roger D. Higgins
Roger D. Higgins
State Bar No. 09601500
Eric K. Bowers
State Bar No. 24045538

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209
rhiggins@thompsoncoe.com
ebowers@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

This is to certify that on May 27, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff by electronic service:

Chad T. Wilson
Stephen Mengis
Chad T Wilson Law Firm PLLC
1322 Space Park Drive, Suite 155
Houston, Texas  77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
Email: cwilson@cwilsonlaw.com
Email: smengis@cwilsonlaw.com

  /s/ Eric K. Bowers
Eric K. Bowers