IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AVALON ROBINSON, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-16-1569 |
| § | |
| ALLSTATE TEXAS LLOYDS and § | |
| TIMOTHY JAMES WESNESKI, § | |
|    Defendants. § | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion to Remand [Doc. # 4] filed by Plaintiff Avalon Robinson, to which Defendant Allstate Texas Lloyds ("Allstate") filed a Response [Doc. # 7] asserting that non-diverse Defendant Timothy James Wesneski was improperly joined. Having considered the full record and governing legal authorities, the Court concludes that Defendant has failed to satisfy its heavy burden to demonstrate that Wesneski was improperly joined. As a result, the Court **grants** the Motion to Remand.

### I.   BACKGROUND

Plaintiff Avalon Robinson, a Texas citizen and resident, is insured under an insurance policy ("the Policy") issued by Allstate. Plaintiff alleges she filed an insurance claim with Allstate under the Policy after her house was damaged during a storm on November 25, 2015. Plaintiff alleges that Defendant Wesneski, the

adjuster Allstate assigned to investigate Plaintiff's claim, conducted a substandard investigation. Plaintiff alleges that Wesneski's inadequate investigation caused her claim to be improperly evaluated and underpaid. Wesneski found that the amount of damage to Plaintiff's property was $484.93, below the amount of the Policy deductible. Plaintiff hired a private adjuster, who estimated the damage to Plaintiff's property caused by the storm to be $25,818.77.

Plaintiff filed this lawsuit in Texas state court, naming Allstate and Wesneski as Defendants. Plaintiff asserted that Wesneski violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act.[1] Plaintiff alleges that Wesneski failed to conduct a reasonable and adequate investigation, which caused Allstate to undervalue Plaintiff's insurance claim. Allstate filed a timely Notice of Removal. Plaintiff filed a Motion to Remand, which is now ripe for decision.

## II.  **LEGAL STANDARDS**

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by

---

[1] Plaintiff alleges facts and claims against Wesneski separate from those alleged against Allstate.

judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

Allstate argues that Wesneski was improperly joined and, as a result, the Court should disregard his Texas citizenship for purposes of diversity jurisdiction. A non-diverse defendant may be found to be improperly joined if the Plaintiff fraudulently pled the jurisdictional facts or if the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong is whether the moving defendant has demonstrated "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en*

*banc*)); *see also Int'l Energy*, 818 F.3d at 200. The party asserting improper joinder bears a heavy burden of persuasion. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). If there is a reasonable basis to predict that Plaintiff can potentially recover on any of her causes of action, the entire case must be remanded. *See Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). Whether there is any possibility of recovery against the nondiverse defendant is evaluated under the federal pleading standard, Rule 12(b)(6). *See Int'l Energy*, 818 F.3d at 208.

### III. ANALYSIS

In response to Plaintiff's Motion to Remand, Allstate "does not dispute that it may be possible to maintain a cause of action under chapter 541 of the Texas Insurance Code against an individual adjuster like Wesneski." *See* Response, p. 4. Allstate argues, however, that Plaintiff failed to allege an adequate factual basis for imposing such liability on Wesneski in this case.

Allstate argues that Plaintiff's claims are inadequate because they are mere recitations of the statutory language from the Texas Insurance Code. It is correct that Plaintiff, in the "Causes of Action Against Defendant Timothy James Wesneski" section of the Original Petition [Doc. # 4-1], merely recites the elements of the Texas

Insurance Code and Texas Deceptive Trade Practices Act provisions she alleges Wesneski violated. In the "Facts" section, however, Plaintiff alleges specific conduct by Wesneski to support her claims against him. Plaintiff alleges, for example, the Wesneski conducted a substandard inspection that resulted in a damage estimate of $484.93 for the roof's pipe jack flashing. *See* Original Petition, ¶¶ 14-16. Plaintiff alleges she hired an adjuster who found damage to Plaintiff's roof valued at $7,868.50, including damage to the asphalt starter, ridge cap, ridge vent, drip edge, valley metal, chimney flashing, step flashing, and furnace vent. *See id.*, ¶ 16. Plaintiff alleges that Wesneski's inadequate investigation also failed to discover significant interior damage to Plaintiff's garage, kitchen, and family room. *See id.*

Based on these allegations, Plaintiff asserts that Wesneski violated Texas Insurance Code Section 541.060(a) and Section 542.003. *See id.*, ¶¶ 49-54. The detailed factual allegations in Plaintiff's Original Petition are adequate to satisfy the requirements of Rule 12(b)(6) for purposes of the improper joinder analysis. As a result, there is a reasonable basis to predict that Plaintiff could possibly recover against Wesneski on the Texas Insurance Code claim in state court.

Allstate has failed to satisfy its heavy burden to demonstrate that there is no possibility Plaintiff could recover against Wesneski in Texas state court. As a result, this Court lacks subject matter jurisdiction and the Motion to Remand is granted.

## IV.  CONCLUSION AND ORDER

Based on the foregoing, Allstate has failed to establish that Defendant Wesneski was improperly joined. As a result, the Court must consider Wesneski's Texas citizenship. Because Plaintiff and Wesneski are both Texas citizens, complete diversity is absent in this case. Accordingly, the Court lacks subject matter jurisdiction, and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 4] is **GRANTED**. The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this 13th day of **July, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

P:\ORDERS\11-2016\1569MRemand.wpd   160713.1326

6